FILED

2010 JUN 10 PM 2: 45

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD BRYANT,<br>CDCR #E-46727,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIM OCHOA, et al.,<br><br>                    Defendants. | Civil No.   10cv0273 W (WMc)<br><br>**ORDER DISMISSING DEFENDANTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>[Doc. No. 7] |

### I.
### PROCEDURAL HISTORY

On February 2, 2010, Stanford Paul Bryan ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution located in Tehachapi, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his original Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* March 18, 2010 Order at 7-8.

/ / /

1  Plaintiff was granted leave to file an Amended Complaint in order to correct the
2  deficiencies of pleading identified by the Court. *Id.* On April 26, 2010, after receiving an
3  extension of time, Plaintiff filed his First Amended Complaint ("FAC").

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds that, once again, Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

The entirety of Plaintiff's First Amended Complaint appears to seek money damages for alleged claims of retaliation against Plaintiff by the fourteen named Defendants. In order to sufficiently allege a retaliation claim, Plaintiff must allege facts sufficient to show that: (1) he was retaliated against for exercising his constitutional rights, (2) the alleged retaliatory action "does not advance legitimate penological goals, such as preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and (3) the defendants' actions harmed him.[1] *See Rhodes v. Robinson*, 380 F.3d 1183, 1131 (9th Cir. 2004) ("Our cases, in short, are clear that any retribution visited upon a prisoner due to his decision to engage in protected conduct is sufficient to ground a claim of unlawful First Amendment retaliation--whether such detriment "chills" the plaintiff's exercise of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449; *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

While Plaintiff has sufficiently alleged a retaliation claim against Defendants Ochoa and Janda, he has failed to allege a retaliation claim against the remaining Defendants. Plaintiff

---

[1] "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First Amendment rights." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (emphasis original). "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not actionable." *Id.* Thus, while many plaintiffs alleging retaliation can show harm by pointing to the "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms entirely independent from a chilling effect can ground retaliation claims." *Rhodes*, 380 F.3d at 1131.

claims Defendant Ochoa and Janda were made aware of a lawsuit that Plaintiff had filed against them. He further alleges that as a result of this lawsuit, Ochoa and Janda took adverse actions against Plaintiff.

However, as to the remaining Defendants, Plaintiff alleges that they took adverse actions against him yet he fails to set forth anything more than a "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940 (2009) (citations omitted). For example, Defendant Drake is alleged to have told Plaintiff that he had to move from one housing unit in Administrative Segregation to another based on the orders by Defendant Janda, *See* FAC at 4-5. However, Plaintiff does not allege any other allegations with respect to Defendant Drake except to allege only that "said transfer was orchestrated, endorsed, and/or otherwise sanctioned by the Defendants Janda, Drake and Ochoa." *Id.* at 5. These types of allegations are "mere conclusions, not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1940.

Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims against all Defendants with the exception fo Defendants Ochoa and Janda for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b). Plaintiff has thirty days (30) days to notify the Court of his intention to pursue retaliation claims against Defendants Ochoa and Janda or file a Second Amended Complaint in order to correct the deficiencies of pleading identified by this Court as to all Defendants. If Plaintiff chooses the first option, the Court will issue an Order directing service of Plaintiff's First Amended Complaint as to Defendants Ochoa and Janda only.

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. The claims against Defendants Tilton, Scribner, McNair, Villa, Drake, Nelson, Madden, Atkins, Armstrong, Widmann, Manning, Lizarraga and Does 1-20 are **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from

the date this Order is "Filed" to either; (1) file a Second Amended Complaint which cures all the deficiencies of pleading noted above or; (2) notify the Court of his intention to proceed with this action against Defendants Ochoa and Janda. If Plaintiff chooses to file an Amended Complaint, it must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

    2.    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: 6/10/10

HON. THOMAS J. WHELAN
United States District Judge