FILED
2010 JUL 12 AM 8:56
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT, CDCR #E-46727,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIM OCHOA, et al.,<br><br>                    Defendants. | Civil No.   10-0273 W (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED.R.CIV.P. 59(e)**<br><br>[Doc. Nos. 10, 12] |

Currently before the Court is Plaintiff's "Motion to Alter or Amend the Judgment"[1] [Doc. No. 43] in which he seeks reconsideration of the Court's June 10, 2010 Order [Doc. No. 8].

## I.   Procedural Background

The Court's June 10, 2010 Order dismissed claims against Defendants for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. Plaintiff was given the option to either: 1) proceed with his claims against Defendants Ochoa and Janda; or 2) file a Second Amended Complaint which cured the deficiencies of pleading

---

[1] Plaintiff filed two identical motions [Doc. Nos. 10, 12]. For the purpose of this Order, the Court will refer to the papers filed in Docket entry number 10.

identified in the Court's Order. *See* June 10, 2010 Order at 4-5. Instead of choosing either option, Plaintiff filed the Motions currently before the Court.

## II. Plaintiff's Motion

### A. Grounds

Plaintiff seeks reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure on grounds that the Court should have found that he adequately stated a claim against all the named Defendants.

### B. Standard of Review

Here, while Plaintiff purportedly brings this Motion pursuant to Rule 59 of the Federal Rules of Civil Procedure, that is not the proper ground for this motion. A Rule 59 Motion seeks, in part, to "alter or amend a judgment." FED.R.CIV.P. 59(e). The Court's June 10, 2010 Order was not a final judgment. Accordingly, the Court will consider Plaintiff's Motion to fall under Rule 60 of the Federal Rules of Civil Procedure.

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b). A Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized" only under "extraordinary circumstances." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

### C. Application to Plaintiff's Case

Plaintiff seeks reconsideration of the Court's dismissal of his due process and retaliations claims. Plaintiff does not set forth any new case law or new facts that would warrant the Court's reconsideration. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Plaintiff has offered no argument in support of his Motion other than he believes the Court should have found that the facts he alleged were sufficient to state a claim. Here, Plaintiff has been given the opportunity to file an Amended pleading in order to correct the deficiencies of pleading identified by the Court. The arguments Plaintiff makes in his Motion do not show "clear error" and instead merely "rehash arguments previously presented." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).

Plaintiff's Motions to "Alter or Amend the Judgment" are DENIED. However, the Court will grant Plaintiff an extension of time to file a Second Amended Complaint that complies with the Court's June 10, 2010 Order.

### III. Conclusion and Order

For the reasons set forth above, the Court hereby:

1) DENIES Plaintiff's Motions to Alter, Amend or Vacate the Court's June 10, 2010 Order [Doc. Nos. 10, 12]; and

2) Sua Sponte **GRANTS** Plaintiff an extension of time in which to file a Second Amended Complaint. Plaintiff's Second Amended Complaint must be filed with the Court no later than **thirty (30)** days from the date this Order is "filed" and must comply in all other respects with the Court's June 10, 2010 Order.

**IT IS SO ORDERED.**

DATED: 7/9/10

HON. THOMAS J. WHELAN
United States District Judge