UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Stanford Paul Bryant,<br><br>Plaintiff,<br><br>v.<br><br>Tim Ochoa, et al.,<br><br>Defendants. | Case No.: 10-cv-00273-W-JLB<br><br>**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY ADJUDICATION**<br>**[ECF No. 100]** |
|---|---|

Presently before the Court are Plaintiff's Motion for Summary Judgment and/or Summary Adjudication (ECF No. 100), Plaintiff's Supplemental Declaration (ECF No. 110) and Supplemental Additional List of Undisputed Facts (ECF No. 112), Defendants' Opposition to Plaintiff's Motion (ECF No. 114), and Plaintiff's Reply to Defendants' Opposition (ECF No. 117).

The Court submits this Report and Recommendation to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.  After a thorough review of the motion papers and evidence filed in support thereof, this Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment and/or Summary Adjudication (ECF No. 100) be **DENIED**.

///

## I. Background

Plaintiff initiated this case in 2010. The single remaining claim is Plaintiff's retaliation claim against the remaining defendants – Atkins, Manning, McNair, Nelson, Ochoa, and Villa (collectively, "Defendants"). (ECF Nos. 48, 57, 89, 113.) Plaintiff's retaliation claim is based on allegations that Defendants directly or indirectly disciplined him through a false rules violation (battery on a peace officer in the form of spitting) in retaliation for making verbal complaints, submitting written grievances, and/or filing a civil rights action against them or other prison officials. The battery on a peace officer allegation resulted in a disciplinary hearing in September 2007, after which the Calipatria State Prison Facility Lieutenant over Administrative Segregation Unit 2 (Defendant McNair) found Plaintiff guilty by a preponderance of the evidence of battery on a peace officer for spitting on an escort officer, Defendant Villa, on July 24, 2007. (ECF Nos. 100 at pp. 94-115; ECF No. 114-4 at pp. 1-3.)

Plaintiff moves for summary judgment on his retaliation claim against Defendants.

## II. Legal Standards

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "There is no requirement that the trial judge make findings of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rather, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on the claim or defense identified by the movant. Fed. R. Civ. P. 56(a); *Liberty Lobby*, 477 U.S. at 250-51 ("If reasonable minds could differ as to the import of the evidence," judgment should not be entered in favor of the moving party).

In determining whether there is a genuine issue for trial, "a court must view the evidence in the light most favorable to the opposing party." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). Further, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions, not those of a judge, whether [s]he is ruling on a motion for summary judgment or for a directed verdict." *Liberty Lobby, Inc.*, 477 U.S. at 255.

A plaintiff may pursue a claim for violation of his or her First Amendment rights due to retaliation under 42 U.S.C. § 1983. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." *Pratt*, 65 F.3d at 807 (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). The burden is on plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." *Pratt*, 65 F.3d at 808.

## III.  Analysis

Plaintiff argues that his evidence of Defendants' First Amendment retaliation against him satisfies the *Rhodes v. Robinson*, 408 F.3d 559, (9th Cir. 2005) standard. For purposes of assessing Plaintiff's motion, the Court focuses on Defendants' argument challenging whether Plaintiff has brought forward sufficient evidence of undisputed material facts to show that Defendants acted with retaliatory intent – the "because of" element of Plaintiff's retaliation claim.[1] The Court addresses Plaintiff's claims and evidence against each defendant separately.

/ / /

---

[1] Defendants' alternative argument in opposition to Plaintiff's motion is that Plaintiff fails to show all the elements of retaliation. Because this argument overlaps with the issues raised in Defendants' pending motion for summary judgment (ECF No. 115), and because the Court is persuaded by the strength of Defendants' first argument, the Court defers its analysis of this alternative argument until its ruling on Defendants' motion for summary judgment.

### A.     Defendant Officer Villa

Plaintiff proffers evidence of the following facts that he argues are material to showing Defendant Villa's retaliatory intent in this case:

1. On June 21, 2007, Defendant Villa stated to Plaintiff, "Oh you're Bryant, the one that P.C.'d-up from ASU #1." (*See* ECF No. 100 at pp. 7-8, 26 at ¶9, 55 at ¶4.)
2. On June 21, 2007, Defendant Villa knew that Plaintiff made a verbal complaint about him to another correctional officer, Defendant Manning.  (*See* ECF No. 100 at pp. 26 at ¶10, 27 at ¶16, 55 at ¶5.)  Defendant Villa called Plaintiff a snitch for making a verbal complaint about Defendant Villa.  (*See* ECF No. 100 at pp. 7-9, 11, 27 at ¶11, 55 at ¶6.)
3. On July 24, 2007, Defendant Villa pushed Plaintiff into a holding cell.  (ECF No. 100 at pp. 9, 28 at ¶18.)  In response, Plaintiff told Defendant Villa, "I am going to write you up." (ECF No. 100 at pp. 9, 28 at ¶18.)  Defendant Villa then filed a false incident report stating that Plaintiff had spit on Defendant Villa.  (ECF No. 100 at pp. 10, 28 at ¶21.)
4. On August 27, 2007, Defendant Villa told another inmate that Plaintiff was a snitch for filing an internal grievance against Defendant Villa.  (ECF No. 100 at pp. 11, 31 at ¶29.)
5. On September 8, 2007, Defendant Villa stated loudly that Plaintiff is and should be on the protective custody yard because he is a snitch for filing an internal grievance against Defendant Villa.  (ECF No. 100 at pp. 10-11, 31 at ¶¶30-32.)
6. On July 11, 2008, Defendant Villa falsely testified before a grand jury that Plaintiff spit on him.  (ECF No. 100 at pp. 11, 45 at ¶97.)

In response, Defendants submit competent evidence that raises a genuine dispute as to each of these facts.  (ECF No. 114 at pp. 6-7.)  For example, Plaintiff contends that Defendant Villa filed a rules violation report that falsely accused Plaintiff of spitting on him.  Plaintiff argues that Defendant Villa acted with retaliatory intent, pointing to

evidence that purports to show that Defendant Villa repeatedly called Plaintiff names like "snitch" and that Defendant's allegedly false accusation was made immediately after Plaintiff told Defendant Villa he was going to file a prison grievance against Defendant Villa for pushing Plaintiff into a holding cell.  (ECF No. 100 at 9.)  In response, Defendants submit competent evidence that Defendant Villa never called Plaintiff a snitch or anything that suggested he was a snitch, that Plaintiff did spit on Defendant Villa, that Defendant Villa did not push Plaintiff into the holding cell, and that Plaintiff did not ever tell Defendant Villa that he was going file a grievance against him.  (ECF No. 114 at 7; ECF No. 114-7 at pp. 2-3 at ¶¶3-7, 11-13, 17.)  Thus, because the key facts Plaintiff relies on to show retaliatory intent against Defendant Villa are disputed, Plaintiff's motion for summary judgment on his retaliation claim against Defendant Villa should be denied.

### B.   Defendant Officer Manning

Plaintiff proffers evidence of the following facts that he argues are material to showing Defendant Manning's retaliatory intent in this case:

1. On June 8, 2007, Defendant Manning stated to Plaintiff, "This is my building, I don't know how long you will be housed here, I just know that there is a lot of legal paperwork involving you."  (ECF No. 100 at pp. 13, 25 at ¶5.)
2. On June 21, 2007, Plaintiff verbally complained to Defendant Manning that Defendant Villa had called Plaintiff a P.C.  (ECF No. 100 at pp. 13, 26 at ¶10.)  Defendant Manning did not respond.  (ECF No. 100 at pp. 13, 26 at ¶10.)
3. On or before November 8, 2007, Defendant Manning falsely reported that he came and spoke to Plaintiff about Plaintiff's grievance, Log No. CAL-A-07-01866, and that he attempted to escort Plaintiff to be interviewed in connection with Plaintiff's grievance.  Defendant Manning also falsely reported that

///
///
///

1      Plaintiff failed to cooperate by refusing to go to his interview.  (ECF No. 100 at
2      p. 13; ECF No. 100-1 at p. 96.)[2]

3   In response, Defendants submit competent evidence that raises a genuine dispute
4   as to each of these facts.  (ECF No. 114 at pp. 10-11.)  For example, Plaintiff argues that
5   Defendant Manning made hostile remarks to him, ignored his June 2007 verbal complaint
6   about Defendant Villa, and retaliated against him by falsely reporting that Plaintiff
7   refused to be escorted to a November 2007 interview concerning an internal prison
8   grievance Plaintiff had filed.  However, Defendant Manning submits competent evidence
9   that he never made the hostile remarks Plaintiff accuses him of making (ECF No. 114-3
10  at p. 2 at ¶6), that Plaintiff did not express any complaint to him about Defendant Villa
11  in June 2007 (ECF No. 114-3 at p. 2 at ¶7), and that Plaintiff did refuse to be interviewed in
12  November 2007 (ECF No. 114-3 at p. 2 at ¶8).  Thus, because the key facts Plaintiff
13  relies on to show retaliatory intent against Defendant Manning are disputed, Plaintiff's
14  motion for summary judgment on his retaliation claim against Defendant Manning should
15  be denied.

### C. Defendant Sergeant Atkins

Plaintiff proffers evidence of the following facts that he argues are material to showing Defendant Atkins' retaliatory intent in this case:

1. On July 25, 2007, Defendant Atkins made loud verbal statements accusing Plaintiff of spitting on Defendant Villa.  (ECF No. 100 at pp. 12, 29 at ¶23.)  Defendant Atkins knew that Plaintiff did not spit on Defendant Villa.  (ECF No. 100 at pp. 12, 24 at ¶24, 29-30 at ¶25.)
2. On or about July 24, 2007 and August 8, 2007, Plaintiff asked Defendant Atkins to order DNA testing of the holding cell in which Plaintiff allegedly

---

[2] Plaintiff also argues, but does not submit evidence showing, that on July 25, 2007, Defendant Manning made loud verbal statements falsely accusing Plaintiff of spitting on Defendant Villa.  Plaintiff further argues, but does not submit evidence, that Defendant Manning stated "Blacks don't have nothing coming."  (ECF No. 100 at pp. 13-14.)  Defendants rebut these arguments with evidence to the contrary.  (*See* ECF No. 114 at p. 10.)

|   |   |
|---|---|
| 1 | spat on Defendant Villa. (ECF No. 100 at pp. 12, 31-32 at ¶33.) Defendant |
| 2 | Atkins did not order DNA testing. (ECF No. 100 at p. 31 at ¶29.) |
| 3 | 3. On October 7, 2007, Defendant Atkins asked Plaintiff to drop his grievance |
| 4 | against Defendant Villa. (ECF No. 100 at p. 43, ¶80.) Plaintiff asked |
| 5 | Defendant Atkins for a Rights and Responsibilities form, but Defendant |
| 6 | Atkins told Plaintiff that the form was no longer used and did not give |
| 7 | Plaintiff a Rights and Responsibilities Form. (ECF No 100 at p. 43 at ¶80.) |

In response, Defendants submit competent evidence that raises a genuine dispute as to each of these facts. (ECF No. 114 at p. 13.) For example, Plaintiff argues that Defendant Atkins asked him to drop his grievance against officer Villa and failed to provide Plaintiff with a Rights and Responsibilities Statement Form upon Plaintiff's request. However, Defendants submit competent evidence that Defendant Atkins never asked Plaintiff to drop his grievance against Defendant Villa and never refused to provide Plaintiff with a Rights and Responsibilities Statement Form. (ECF No. 114-2 at p. 2 at ¶9.) Thus, because the key facts Plaintiff relies on to show retaliatory intent against Defendant Atkins are disputed, Plaintiff's motion for summary judgment on his retaliation claim against Defendant Atkins should be denied.

**D.  Defendant Lieutenant Nelson**

Plaintiff proffers evidence of the following facts that he argues are material to showing Defendant Nelson's retaliatory intent in this case:

1. On or about July 24, 2007 and August 8, 2007, Plaintiff asked Defendant Nelson to order DNA testing of the holding cell in which Plaintiff allegedly spat on Defendant Villa. (ECF No. 100 at pp. 12, 31-32 at ¶33.) Defendant Nelson did not order DNA testing.

2. Plaintiff presented a CDCR 602 Form to Defendant Nelson requesting DNA testing of the holding cell in which Plaintiff allegedly spat on Defendant Villa. Defendant Nelson responded in writing, "Denied: CSP-CAL is not equipped to perform forensic testing." (ECF No. 100 at pp. 12, 33, ¶40.)

3. Defendant Nelson's investigation into the allegation that Plaintiff spit on Defendant Villa was limited to Defendant Nelson's interviews of Defendant Villa and Plaintiff and a visual inspection of the relevant holding cell. (ECF No. 100 a pp. 34-35, ¶45.) Defendant Nelson did not investigate the holding cell, and thus, falsely included within the Crime/Incident Report that there was no evidence at the crime scene. (ECF No. 100 at p. 13.)

In response, Defendants submit competent evidence that raises a genuine dispute as to each of these facts. (ECF No. 114 at pp. 15-16.) For example, Plaintiff argues that Defendant Nelson denied for retaliatory purposes Plaintiff's request for DNA testing of the holding cell in which he allegedly spat on Defendant Villa. However, Defendants submit competent evidence that Plaintiff's request was denied for legitimate correctional reasons, including the fact that forensic testing was not available at Calipatria State Prison. (ECF No. at p. 2-3 at ¶¶5, 7.) Thus, because the key facts Plaintiff relies on to show retaliatory intent against Defendant Nelson are disputed, Plaintiff's motion for summary judgment on his retaliation claim against Defendant Nelson should be denied.

**E. Defendant Lieutenant McNair**

Plaintiff proffers evidence of the following facts that he argues are material to showing Defendant McNair's retaliatory intent in this case:

1. Defendant McNair was the "SHO," Senior Hearing Officer, in the rules violation charge against Plaintiff. (ECF No. 100 at pp. 15, 36 at ¶50.)
2. Defendant McNair interfered with the investigation of the rules violation charge against Plaintiff. At Plaintiff's September 7, 2007 disciplinary hearing for the alleged rules violation, Defendant McNair refused to allow certain prison officials' answers to Plaintiff's questions to be documented and read into the record. (ECF No. 100 at pp. 15, 36-38 at ¶¶50-55.)
3. Defendant McNair disregarded a handwritten statement by Plaintiff that accused Defendant McNair of being a biased hearing officer. (ECF No. 100 at pp. 15, 38 ¶¶57-58.) Defendant McNair was allegedly biased because he was a

    named defendant in a prisoner civil rights case filed by Plaintiff in 2007 in the United States District Court for the Southern District of California, Case No. 07cv200-JM PCL. (ECF No. 100 at pp. 15, 35 at ¶48; ECF No. 100-1 at 36.)

4. At Plaintiff's September 7, 2007 disciplinary hearing, Defendant McNair did not allow Plaintiff's prisoner witnesses and Investigative Employee witness to appear for the hearing. (ECF No. 100 at pp. 15, 38 at ¶59.)

5. Defendant McNair authored a report about the disciplinary hearing that made it seem as though Plaintiff's witnesses were present at the hearing when they were not. (ECF No. 100 at pp. 15, 38 at ¶59.)

6. Defendant McNair falsely reported in the disciplinary hearing report that Plaintiff never denied spitting on officer Villa either during the hearing or in any of the written statements. (ECF No. 100 at pp. 15, 39-40 at ¶¶61-63.)

In response, Defendants submit competent evidence that raises a genuine dispute as to each of these facts. (ECF No. 114 at pp. 18-19.) For example, Plaintiff argues that Defendant McNair improperly refused to have Plaintiff's witnesses present for his rules violation disciplinary hearing. However, Defendants submit competent evidence that Plaintiff's witnesses did not appear at the hearing due to a legitimate correctional reason – specifically, California Code of Regulations, Title 15, § 3320(i) prohibited their attendance. (ECF No. 114-4 at p. 3 at ¶8.) Defendant McNair submits evidence that he noted Plaintiff's witnesses and their testimony in compliance with prison protocol. (ECF No. 114-4 at pp. 3 at ¶8, 9-10, 19-24 (Ex. A).) Thus, because the key facts Plaintiff relies on to show retaliatory intent against Defendant McNair are disputed, Plaintiff's motion for summary judgment on his retaliation claim against Defendant McNair should be denied.

    **F.    Defendant Chief Deputy Warden Ochoa**

Plaintiff proffers evidence of the following facts that he argues are material to showing Defendant Ochoa's retaliatory intent in this case:

///

1. Defendant Ochoa was a named defendant in a prisoner civil rights case filed by Plaintiff in 2007 in the United States District Court for the Southern District of California, Case No. 07cv200-JM PCL.  (ECF No. 100 at pp. 16, 42 at ¶76.)
2. On or about August 13, 2007, Defendant Ochoa reviewed a grievance (CAL-A-07-1782) and letter authored by Plaintiff that requested Warden Scribner's help in having DNA collected as part of the investigation of the rules violation charge against Plaintiff.  (ECF No. 100 at pp. 16, 32-33 at ¶¶35-36, 100.)  The grievance was denied at the first, second, and third levels of review.  Defendant Ochoa reviewed, endorsed, sanctioned, and ratified the denial of Plaintiff's grievance (CAL-A-07-1782).  (*Id.*)
3. Defendant Ochoa reviewed and endorsed Defendant Nelson's Crime/Incident Report, and that Report contained false information.  (ECF No. 100 at p. 40 at ¶67.)
4. On October 26, 2007, Plaintiff appealed the guilt finding on the spitting charge.  (ECF No. 100 at 40, ¶66.)  Defendant Ochoa authored the second level appeal response that misstated certain facts and failed to address other issues raised by Plaintiff, including Defendant McNair's bias.  (ECF No. 100 at pp. 17, 40-42 at ¶¶67-75; ECF No. 100-1 at pp. 15, 66.)
5. Defendant Ochoa reviewed numerous letters and grievances written by Plaintiff to Warden Scribner about retaliation by prison officials against Plaintiff.  (ECF No. 100 at pp. 17, 40 at ¶67, 42 at ¶¶77-78, 96; ECF No. 100-1 at pp. 75-76, 100-101.)

In response, Defendants submit competent evidence that raises a genuine dispute as to each of these facts.  (ECF No. 114 at pp. 20-21.)  For example, Defendant Ochoa had the responsibility of reviewing Plaintiff's appeal challenging whether he was guilty by a preponderance of the evidence of battery on a peace officer for spitting on Defendant Villa.  (ECF No. 114-6 at pp. 2-3 at ¶7.)  Plaintiff argues that Defendant Ochoa, in retaliation against Plaintiff for filing a civil rights case against him in 2007,

failed to consider Plaintiff's claims that the Senior Hearing Officer at his disciplinary hearing, Defendant McNair, was a biased hearing officer. (*See* ECF No. 100 at p. 42 at ¶75.) However, Defendants submit competent evidence that the civil rights case at issue did not influence Defendant Ochoa and that Defendant Ochoa noted and fully considered Plaintiff's allegations of bias against Defendant McNair. (ECF No. 114-6 at 2-3 at ¶¶7-8; *see also* ECF No. 100-1 at 54-56 (Ex. 26).) Thus, because the key facts Plaintiff relies on to show retaliatory intent against Defendant Ochoa are disputed, Plaintiff's motion for summary judgment on his retaliation claim against Defendant Ochoa should be denied.

## IV. Conclusion

The Court submits this Report and Recommendation to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California. For the reasons outlined above, IT IS HEREBY RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) DENYING Plaintiff's Motion for Summary Judgment and/or Summary Adjudication (ECF No. 100).

IT IS ORDERED that no later than **August 21, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **August 31, 2015**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 7, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge